UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MART T. COSMAN, and HARRY P. COSMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>) 04-11046 RGS<br>)<br>) |

## AETNA LIFE INSURANCE COMPANY'S
## INTERPLEADER COMPLAINT

Pursuant to Rules 3 and 22 of the Federal Rules of Civil Procedure, Aetna Life Insurance Company hereby files the following Interpleader Complaint against Mary T. Cosman and Harry P. Cosman (collectively "the Defendants").

### PARTIES

1. Plaintiff Aetna Life Insurance Company ("Aetna") is an insurance corporation organized under the laws of the State of Connecticut, with a principal place of business at 151 Farmington Avenue in Hartford, Connecticut. Aetna is duly authorized to conduct business in the Commonwealth of Massachusetts.

2. Defendant Mary T. Cosman ("Mary") is an individual who, upon information and belief, resides at 40 Winnepurkit Avenue in the Town of Lynn, Massachusetts. Upon information and belief, Mary is the former spouse of Aetna's deceased insured, Robert J. Cosman ("Robert").

3. Defendant Harry P. Cosman ("Harry") is an individual who, upon information and belief, resides at 68 Eastfield Drive in Brockton, Massachusetts. Upon information and belief, Harry is the brother of Robert.

## JURISDICTION

4. This is an action for rule interpleader under Fed.R.Civ.P. 22, and for statutory interpleader under the Federal Interpleader Act, 28 U.S.C. § 1335. Jurisdiction exists under the Federal Interpleader Act because the life insurance proceeds in dispute ("the Proceeds") exceed the sum of $500, and there is diversity between Aetna and the claimants, Harry and Mary.

5. Diversity jurisdiction exists under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Federal question jurisdiction exists because Aetna is seeking relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 - 1461. In this action Aetna is seeking to enforce the terms of an employee welfare benefit plan and to obtain other appropriate equitable relief under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)(B).

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1131. This case involves competing or potentially competing claims to insurance benefits available under an ERISA-regulated group life insurance plan ("Plan"). As such, Aetna is or may be exposed to double or multiple liability. ERISA authorizes suits by fiduciaries like Aetna to obtain equitable relief, such as interpleader, and to enforce the provisions of an ERISA-regulated benefit plan. 29 U.S.C. § 1132(a)(3)(B)(ii). This Courts has federal question jurisdiction over this action without respect to the amount in controversy or the citizenship of the parties 29 U.S.C. § 1132(f).

8.   Venue in this Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS

9.   Aetna's deceased insured, Robert J. Cosman ("Robert"), was employed as a lineman for NStar Electric & Gas Corporation ("NStar"). He purchased life insurance coverage from Aetna through NStar under Group Life Policy No. 877072 ("Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A. Robert was insured under the Policy for $162,000 in group life coverage. For ease of reference, the Policy's $162,000 death benefit, plus any applicable interest thereon are referred to throughout as the "Proceeds."

10.   On February 10, 2004, Robert died of cardiac arrest associated with long-standing coronary artery disease. A true and accurate copy of the February 12, 2004, Certificate of Death relating to Robert that was issued by the Town of Bourne, Massachusetts, Office of the Town Clerk, is attached hereto as Exhibit B.

11.   Robert submitted his a Group Life Insurance And Accidental Death And Dismemberment Insurance Change of Beneficiary Designation ("Original Designation") to NStar on or about October 17, 1980. A true and accurate copy of the Original Designation is attached hereto as Exhibit C. In the Original Designation, Robert named Mary as the Policy's primary beneficiary. The Original Designation was on file with NStar when NStar was notified of Robert's death.

12.   Upon information and belief, Robert signed a second Beneficiary Designation form (Second Designation) on November 16, 1997. A true and accurate copy of the Second Designation is attached hereto as Exhibit D. Harry is the primary beneficiary identified on the Second Designation, rather than Mary. It cannot be established that the Second Designation was on file with

NStar prior to Robert's date of death. The Policy provides that "[y]ou may name or change your beneficiary by filing [a] written request at your Employer's headquarters or at Aetna's Home Office."

13. NStar received a letter regarding the Policy from Attorney Leonard A. Eskenas dated February 24, 2004. A true and accurate copy of Leonard A. Eskenas's letter of February 24, 2004 is attached hereto as Exhibit D. NStar forwarded that letter to Aetna. Attorney Eskenas's letter provides, in pertinent part, as follows:

> As indicated, on November 16, 1997, Mr. Cosman apparently changed the beneficiary on his Life Insurance Policy, naming his brother, Harry P. Cosman, who resides at 68 Eastfield Drive, Brockton, MA 02320, as beneficiary, as opposed to his former wife. Harry Cosman has informed me that the original document was sent to NSTAR. I enclose a copy of same herewith.

14. Thereafter, NStar received a second letter regarding distribution of the Proceeds from Mary's attorney, Thomas P. Callahan. A true and accurate copy of Thomas P. Callahan's letter of March 25, 2004, is attached hereto as Exhibit E. In his letter, Attorney Callahan states, among other things, as follows:

> We take significant issue the presentation of the change of beneficiary designation after the death of the insured. To our knowledge, there has been no proof or verification of any alleged prior attempt to send to NStar said change of beneficiary designation. Further, the designation of beneficiary is not witnesses pursuant to M.G.L. c. 175[,] § 123.

15. Aetna initiated this interpleader action to ensure that it makes the correct benefit payments to the proper beneficiaries. Aetna must determine which of the two beneficiary designations to accept before it can reasonably proceed with payment. In light of the conflicting or potentially conflicting claims of the Defendants Aetna is or may be subject to multiple liability with respect to the Proceeds.

16. Insofar as the Defendants, through their counsel, have both evinced an entitlement to the Proceeds, there are conflicting or potentially conflicting claims.

17. Aetna is merely a disinterested stakeholder in this action inasmuch as it claims no interest in Proceeds, and admits that the Proceeds are due and owing to someone. Aetna hereby offers to and is ready to deposit the Proceeds with the Court upon the entry of an appropriate Order.

## COUNT ONE
## INTERPLEADER UNDER FED.R.CIV.P. 22

18. Aetna incorporates the allegations set forth in paragraphs 1 - 17 of its Interpleader Complaint by reference as if set forth fully herein.

19. Under the Policy, the death benefit at issue is $162,000. Aetna will deposit a check in the amount of $162,000, plus any applicable interest, after the entry of an appropriate Order.

20. Aetna admits that it must pay the Proceeds, but Aetna avers that it must pay the Proceeds only one time.

21. Unless Aetna is allowed to interplead the claimants, it is at risk for double, multiple, or inconsistent judgments.

22. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1144(a), and Fed.R.Civ.P. 22 this Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the life insurance distribution, and to discharge Aetna from any further liability relating to the Proceeds and/or the Policy.

23. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), and Fed.R.Civ.P. 22 to award a disinterested stakeholder such as Aetna the reasonable costs and attorneys' fees associated with initiating an interpleader action.

24. Aetna is entitled to have this Court adjudicate the competing claims, or potentially competing claims of the Defendants and to establish Aetna's legal obligations to the Defendants with finality.

## COUNT TWO
## EQUITABLE INTERPLEADER

25. Aetna incorporates the allegations set forth in paragraphs 1 - 30 of its Interpleader Complaint by reference as if set forth fully herein.

26. As a fiduciary of the Plan, equitable interpleader is available to Aetna under ERISA's civil enforcement section, § 502(a), to enforce the terms of the Plan and to obtain other appropriate equitable relief.

27. Aetna admits that it must pay the Proceeds, but Aetna avers that it must pay the Proceeds only one time.

28. Unless Aetna is allowed to interplead all of the claimants, Aetna is at risk for incurring double, multiple, or inconsistent judgments.

29. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1144(a), and Fed.R.Civ.P. 22, the Court is empowered to enjoin any claimant from filing a separate lawsuit relating to the distribution of the Proceeds and to discharge Aetna from any further liability relating to the Proceeds and/or the Policy.

30. Pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(a)(3)(B), and Fed.R.Civ.P. 22 this Court is authorized to award a disinterested stakeholder such as Aetna the reasonable costs and attorneys' fees it incurs in connection with initiating an interpleader action.

31. Aetna is entitled to have this Court adjudicate the competing claims, or potentially

competing claims of the Defendants and to establish Aetna's legal obligations to the Defendants with finality.

WHEREFORE, Aetna Life Insurance Company respectfully requests that the Court issue an Order:

(a) Allowing Aetna to deposit the Proceeds into the Court's registry;

(b) Compelling the Defendants to determine through interpleader their competing, or potentially competing and adverse claims for the Proceeds;

(c) Extinguishing with finality all claims that the Defendants have against Aetna upon Aetna's payment of the Proceeds into Court;

(d) Restraining the Defendants from instituting or prosecuting, in any other state or federal court, any proceeding against Aetna with respect to the Proceeds;

(e) That upon Aetna's deposit of the Proceeds with the Court, Aetna will be discharged from any liability in this action;

(f) Awarding Aetna its reasonable attorneys' fees and costs associated with filing this interpleader action; and

(g) Granting Aetna such other and further relief as the Court deems just and proper.

AETNA LIFE INSURANCE COMPANY,
By its attorney,

Edward P. O'Leary, BBO #551932
Fitzhugh, Parker & Alvaro LLP
155 Federal Street
Boston, MA 02110
(617) 695-2330

Date: May 21, 2004