UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AETNA LIFE INSURANCE COMPANY,        )
                                     )
                    Plaintiff        )
                                     )        CIVIL ACTION NO. 04-11046-RSG
v.                                   )
                                     )
MARY T. COSMAN AND HARRY P. COSMAN,  )
                                     )
                    Defendants       )

### DEFENDANT MARY T. COSMAN'S ANSWER, COUNTERCLAIM AND CROSSCLAIM

Now comes the defendant, Mary T. Cosman ("Mary"), and responds to the allegations set forth in the plaintiff's Interpleader Complaint (the "Complaint") dated May 21, 2004.

### ANSWER

Mary responds to the specific allegations of the Complaint, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Mary admits that this Court has subject matter jurisdiction and that this case involves competing or potentially competing claims to insurance benefits. Mary is without sufficient information to form a belief as to the remaining allegations set forth in this paragraph 7 and therefore denies same.

8. Admitted.

1

9.    Mary admits that Robert J. Cosman ("Robert") was employed by
NStar and that he purchased life insurance coverage through Nstar.  Mary is
without sufficient information to form a belief as to the remaining
allegations set forth in this paragraph 9 and therefore denies same.

10.    Mary admits that Robert died on February 8, 2004, not on February
10, 2004, and that he died from cardiac arrest associated with long-standing
coronary artery disease.

11.    Admitted.

12.    Mary is without sufficient information to form a belief as to
whether or not Robert signed the Second Designation on November 16, 1997, and
therefore denies same.  Mary admits that it cannot be established that the
Second Designation was on file with Nstar prior to Robert's date of death.
Mary further responds by stating that the applicable policy is a written
document that best speaks for itself.

13.    Mary is without sufficient information to form a belief as to the
circumstances surrounding the letter dated February 24, 2004 from Attorney
Leonard A. Eskenas and therefore denies same.  Further answering, Mary states
that Attorney Eskenas' letter is a written document that best speaks for
itself.

14.    Admitted.

15.    Admitted.  Further answering, Mary states that she is the
appropriate party to receive the proceeds payable under such life insurance
policy ("the Proceeds"), as defined in the plaintiff's Interpleader
Complaint.

16.    Admitted.

17.    Mary admits and acknowledges that Aetna claims no interest in the
Proceeds and that Aetna admits that the Proceeds are due and owing to
someone.  Mary is without sufficient information to form a belief as to the
remaining allegations of this paragraph 17 and therefore denies same.

18.    Mary restates her responses set forth in paragraphs 1 through 17, above, as if fully set forth herein.

19.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 19.

20.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 20.

21.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 21.

22.    Admitted.

23.    Admitted.  Further answering, Mary states that this Court should decline to award any such reasonable costs or attorneys' fees to the plaintiff.

24.    Admitted.

25.    Mary restates her responses set forth in paragraphs 1 through 24, above, as if fully set forth herein.

26.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 26.

27.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 27.

28.    Mary is without sufficient information to form a belief as to the truth of the allegations in this paragraph 28.

29.    Admitted.

30.    Admitted.  Further answering, Mary states that this Court should decline to award any such reasonable costs or attorneys' fees to the plaintiff.

31.    Admitted.

### FIRST AFFIRMATIVE DEFENSE

Mary states that she is the appropriate beneficiary under the life insurance policy that is the subject of this action, and that the Proceeds should be paid directly and solely to Mary.

### SECOND AFFIRMATIVE DEFENSE

Mary states that she has cooperated and is continuing to cooperate with the plaintiff in this matter that the plaintiff should be directed to pay the Proceeds directly and solely to Mary, and that the plaintiff should not be awarded its costs, expenses or attorneys' fees.

### THIRD AFFIRMATIVE DEFENSE

Mary states that pursuant to the life insurance policy, which is the subject matter of this matter suit, the plaintiff has the discretionary authority to determine which beneficiaries are entitled to benefits.  Mary further states that the plaintiff should properly exercise such authority to award all of the Proceeds to Mary.

### COUNTERCLAIM

1.    Mary is the defendant and plaintiff-in-counterclaim, and she resides in Lynn, Essex County, Massachusetts.

2.    The plaintiff and defendant-in-counterclaim, Aetna Life Insurance Company ("Aetna"), upon information and belief, is a corporation organized under the laws of the State of Connecticut, and Aetna conducts business in the Commonwealth of Massachusetts.

3.    Mary is the sole legitimate beneficiary to a certain life insurance policy issued by Aetna to Mary's former husband, Robert.

4.    As the legitimate beneficiary under the aforementioned life insurance policy, Mary has made a timely claim to Aetna requesting full

4

payment of the Proceeds, but Aetna has refused and neglected to make such payment.

5.    This Court should enter a declaratory judgment, confirming that Mary is the sole legitimate beneficiary to the Proceeds.

6.    Upon such declaratory judgment, this Court should further order that Aetna forthwith pay the Proceeds to Mary.

### CROSSCLAIM

1.    Mary is the defendant and plaintiff-in-crossclaim, and she resides in Lynn, Essex County, Massachusetts.

2.    The defendant and defendant-in-crossclaim, Harry P. Cosman ("Harry"), is an individual who, upon information and belief, resides in Brockton, Plymouth County, Massachusetts.

3.    Harry is the brother of Robert, and Robert died on February 8, 2004. Robert was Mary's former husband.

4.    Harry has submitted a claim to Aetna, requesting payment under a certain life insurance policy on Robert's life.

5.    Harry's claim to the Proceeds is without legal merit and must fail, as Harry was not properly designated as the beneficiary under the terms of such policy. On the contrary, Mary is the appropriate and legitimate beneficiary entitled to the Proceeds.

6.    This Court should enter a declaratory judgment, confirming that Mary is the sole legitimate beneficiary entitled to the Proceeds.

6.    Upon such declaratory judgment, this Court should further order that Aetna forthwith pay the Proceeds to Mary, and Harry's claim to the Proceeds should be denied and dismissed.

WHEREFORE, Mary respectfully requests that this Honorable Court take the following action:

A.      That the Court enter a declaratory judgment that Mary is the sole legitimate beneficiary to all of the Proceeds, and that the Court order Aetna to make immediate payment of the Proceeds, with all appropriate interest, to Mary.

B.      That the Court dismiss, with prejudice, any claim to the Proceeds made by Harry.

C.      For such other relief as this Court deems just and proper.


                              Respectfully submitted,
                              Mary T. Cosman, Defendant,
                              By her attorneys,


                              David C. McBride, B.B.O. No. 326910
                              19 Cherry Street
                              Danvers, MA 01923
                              (978) 777-7733

                              Thomas P. Callaghan, Jr., B.B.O. 070090
                              Kelleher and Callaghan
                              15 Ferry Street
                              Malden, MA 02148
                              (781) 322-9090


Dated:   August 5, 2004

## CERTIFICATE OF SERVICE

I, David C. McBride, attorney for the defendant, Mary T. Cosman, hereby certify that I have this day served a copy of the foregoing Defendant Mary T. Cosman's Answer, Counterclaim and Crossclaim, by mailing a copy of same, first class mail, postage prepaid, to the following counsel of record:

Edward P. O'Leary, Esq.            Georgia S. Curtis, Esq.
Fitzhugh, Parker & Alvaro LLP      Sims & Sims, LLP
155 Federal Street                 PO Box 7367
Boston, MA 02110                   Brockton, MA 02303

Signed this 5th day of August, 2004.

David C. McBride