UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MART T. COSMAN, and HARRY P. COSMAN, <br><br> Defendants. | Civil Action No. 04-11046-RGS |

## AETNA LIFE INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM OF MARY T. COSMAN

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, plaintiff/defendant-in-counterclaim Aetna Life Insurance Company ("Aetna"), hereby answers the like numbered paragraphs of the Counterclaim of Mary T. Cosman ("Counterclaim") as follows:

### FIRST DEFENSE

1. Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaim.

2. Admitted.

3. Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counterclaim.

4. Aetna admits that Mary T. Cosman filed a timely claim and that Aetna denied that claim. Aetna is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Counterclaim.

5. The allegations of paragraph 5 of the Counterclaim state a legal conclusion to which no answer is required. To the extent that an answer is required, Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Counterclaim.

6. The allegations of paragraph 6 of the Counterclaim state a legal conclusion to which no answer is required. To the extent that an answer is required, Aetna is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiff-in-counterclaim fails to state a claim against Aetna upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Aetna has fully performed all contractual duties owed to the plaintiff-in-counterclaim and therefore plaintiff-in-counterclaim is estopped from asserting claims against Aetna.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff-in-counterclaim, by her acts, statements or conduct, or by the acts, statements or conduct of her agents, has waived any rights or remedies that she may otherwise have had against Aetna.

### FIFTH AFFIRMATIVE DEFENSE

Inasmuch as the counterclaim against Aetna relates to an employee welfare benefit plan established and maintained by the decedent's employer, it is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.

### SIXTH AFFIRMATIVE DEFENSE

Aetna reserves the right to assert additional affirmative defenses to the Counterclaim.

AETNA LIFE INSURANCE COMPANY,<br>
By its attorney,<br><br>

*Edward P. O'Leary*<br>
Edward P. O'Leary, BBO #551932<br>
Fitzhugh, Parker & Alvaro LLP<br>
155 Federal Street<br>
Boston, MA 02110<br>
(617) 695-2330

Date: August 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all other counsel of record, as set forth below, by first class mail postage prepaid on this 17th day of August, 2004.

Georgia S. Curtis, Esq.  
Sims & Sims  
53 Arlington St., P.O. Box 7367  
Brockton, MA 02303

David C. McBride, Esq.  
19 Cherry Street  
Danvers, MA 01923

Thomas P. Callaghan, Esq.  
Kelliher & Callaghan  
15 Ferry Street  
Malden, MA 02148

*Edward P. O'Leary*  
Edward P. O'Leary