

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AETNA LIFE INSURANCE COMPANY,
         Plaintiff,

v.

CIVIL ACTION NO. 04-11046-RSG

MARY T. COSMAN AND
HARRY P. COSMAN,
         Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT HARRY P. COSMAN'S REPLY TO DEFENDANT MARY T. COSMAN'S CROSS-CLAIM

NOW comes the Harry P. Cosman ("Harry"), a defendant in the above captioned matter, and a defendant in cross-claim under a certain cross-claim brought by defendant, Mary T. Cosman ("Mary"), dated August 5, 2004, and responds to such cross-claim as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied.

7. Denied.

8. Denied.

9.  Denied. Further answering, Harry denies that the defendant in the cross-claim, Mary T. Cosman was the intended beneficiary of the proceeds payable under such Group Life Insurance Policy provided by Aetna for Robert J. Cosman's (deceased brother of Harry) through NSTAR, the decedent's former employer.

    Further answering, Harry admits and realleges that Mary's contention that she is the intended beneficiary under the decedent's Group Life Insurance Plan (with Aetna) is **without merit** as set forth in paragraph 9 of the Defendant's, "Harry's" original cross-claim.

10. Denied. Further answering, Harry admits and realleges that he was the exclusive and intended beneficiary of the life insurance policy and denies the general denial of the Defendant, Mary T. Cosman as the allegation set forth in paragraph 10.

11. Denied. Further answering, Harry admits and realleges that the change in beneficiary document was executed and signed by his brother, Robert J. Cosman on or about November 16, 1997 and *prior* to the divorce of Mary and death of Robert J. Cosman with regard to the Aetna's Group Life Insurance Policy.

12. Admitted. Further answering, Harry denies the last sentence of the Defendant, Mary's cross-claim allegation in this paragraph 12.

13. Denied. Further answering, Harry admits the allegations set forth in his cross-claim in this paragraph 13.

14. Denied. Further answering, Harry admits the allegations set forth in his cross-claim in this paragraph 14.

15. Denied. Further answering, this Court should enter a declaratory judgment specifically designating Harry P. Cosman as the exclusive and intended beneficiary under his brother, Robert's Group Life Insurance with Aetna as set forth in his cross-claim in this paragraph 15.

16. Denied. Further answering, Harry admits and realleges that this Honorable Court should issue a declaratory judgment in his favor for the proceeds of the Group Life insurance provided by Aetna; Order Aetna to pay the "Proceeds" to Harry P. Cosman as an intended beneficiary of his brother's (Robert J. Cosman's) Group Life Insurance Policy and Mary's claim to the "Proceeds" be *denied* and *dismissed* as set forth in his cross-claim in this paragraph 16.

## DEFENDANT HARRY P. COSMAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Harry states that he is both the appropriate and designated beneficiary with regard to the Aetna Group Life Insurance Policy established by NSTAR, Robert J. Cosman's former employer which is the subject of this action, and the "Proceeds" from said life insurance should be paid directly and exclusively to Harry.

### SECOND AFFIRMATIVE DEFENSE

Harry states that he has been diligent in his efforts to remedy the problems with regard to beneficiary designation with both Aetna Life insurance Company and NSTAR, Robert J. Cosman's former employer who utilizes Aetna for its group life insurance coverage for its employees.

### THIRD AFFIRMATIVE DEFENSE

Harry states that pursuant to Aetna's Group Life Insurance as provided to NSTAR, Robert J. Cosman's former employer, which is the subject matter of this action, the Plaintiff has discretionary authority to determine which beneficiaries are entitled to life insurance benefits. Harry further states that the Plaintiff should designate Harry as the intended beneficiary of the life insurance policy with the pneumbra of its discretionary power and award all "Proceeds" from said group life insurance policy to Harry, and that the Plaintiff, Aetna should not be awarded its costs, expenses or attorneys' fees.

WHEREFORE, Harry respectfully requests that this Honorable Court dismiss Mary's cross-claim against her, with prejudice.

Respectfully submitted,
Harry P. Cosman, Defendant,
By his attorney,

*Georgia A. Curtis*
Georgia S. Curtis, B.B.O. # 650214
SIMS & SIMS, LLP
53 Arlington Street
Brockton, MA 02301
(508) 588-6900

Dated: September 8, 2004

3

## CERTIFICATE OF SERVICE

I, Georgia S. Curtis, Esq. hereby certify that I have sent via first-class mail, postage prepaid, a copy of the Defendant, Harry P. Cosman's Reply to Defendant, Mary T. Cosman's Cross-Claim and Affirmative Defenses to Counsel for the Plaintiff, Aetna Life Insurance Company, Attorney Edward P. O'Leary, Fitzhugh, Parker & Alvaro, LLP, 155 Federal Street, Boston, MA 02110.

Signed under the pains and penalties of perjury this 8th day of September 2004

*Georgia S. Curtis*
Georgia S. Curtis, Esq.
BBO# 650214
SIMS & SIMS, LLP
53 Arlington Street
Brockton, MA 02301
(508) 588-6900