UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11046-RSG

****************************************************

AETNA LIFE INSURANCE COMPANY,
Plaintiff,

v.

MARY T. COSMAN AND HARRY P. COSMAN,
Defendants.

****************************************************

DEFENDANT, HARRY P. COSMAN'S ANSWER TO PLAINTIFF'S
INTERPLEADER COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIM AND CROSS-CLAIM AGAINST
DEFENDANT, MARY T. COSMAN

---

NOW COMES the defendant Harry P. Cosman (herein referred to as "Harry") and responds to the allegations set forth in the Plaintiff's Interpleader Complaint.

## ANSWER

Harry responds to the allegations set forth in the Plaintiff's Interpleader Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Harry admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1131 and there are competing claims for life insurance benefits available under an ERISA-regulated group life insurance plan ("Plan"). However, Harry is without sufficient information to form a belief as the remainder of paragraph 7 and therefore denies the remaining allegations of Plaintiff's Complaint, paragraph 7.

8. Admitted.

9. Harry admits that Robert J. Cosman (referred to in Plaintiff's Complaint as "Robert") was employed as a lineman for NSTAR Electric & Gas Corporation (referred to in Plaintiff's Complaint as "NSTAR") and that he purchased a life insurance policy through NSTAR's Group Insurance Policy Plan. However, Harry is without *specific or sufficient* knowledge or information as to policy numbers or the Death Benefit amount(s) and therefore denies the remaining allegations of Plaintiff's Complaint, paragraph 9.

10. Harry admits that Robert J. Cosman died on or about February 8, 2004 as a stated, approximate date of death on the death certificate produced by the Town of Bourne, Office of the Town Clerk and listed as Plaintiff's Exhibit B (top right corner of document) and not August 10, 2004 at 3:20PM as recorded by Kent A. Creamer, M.D. Harry further admits that Robert J. Cosman died of cardiac arrest and coronary artery disease.

11. Harry is without sufficient information to form a belief as to the "Original Designation" (referred to in the Plaintiff's Complaint) and denies the same.

12. Harry admits paragraph 12 of the Plaintiff's Complaint with exception to the one sentence which Harry denies and is without sufficient information to form a belief as to Plaintiff's allegation stating, "[i]t cannot be established that the Second Designation was on file with NSTAR prior to Robert's date of death. " Harry further admits that he followed procedure by mailing the change in beneficiary form in writing denoting a "Second Designation" for a change in beneficiary to Cambridge Electric Light Company, now

known as NSTAR on or about November 16, 1997 *prior to* Robert J. Cosman's Divorce from Mary T. Cosman: *Judgment Nisi entered on or about August 10, 1999, Middlesex County Probate and Family Court* and *prior to* Robert J. Cosman's Death on or about February 8, 2004.

13. Admitted.

14. Harry is without sufficient information to form a belief as to the "Letter dated, March 25, 2004 " from Attorney Thomas P. Callahan to NSTAR and (referred to in the Plaintiff's Complaint, Exhibit E) and denies the same. Further answering, Harry states that upon receipt of the Plaintiff's Exhibit E, the "March 25, 2004 Attorney Thomas P. Callahan Letter" refers to an application of a statute, M.G.L. c. 175, §123 which is *inapplicable* to this case concerning a Group Life Insurance Benefit Plan and the need for a witness to verify signature. The statute referred to in Attorney Callahan's letter only applies to *individual not Group Life Insurance Plans.*

15. Admitted.

16. Admitted

17. Harry admits and acknowledges that Aetna claims no interest in the "Proceeds" and that Aetna admits that the "Proceeds" are due and owing to someone. Harry is without sufficient information to form a belief as to the remaining allegations of Plaintiff's Complaint, paragraph 17 and therefore, denies the same.

18. Harry restates his responses set forth in paragraphs 1 through 17, above, as if fully set forth herein.

19. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 19.

20. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 20.

21. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 21.

22. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 22.

23. Admitted. Further answering, Harry states that this Court should decline to award any such reasonable costs or attorneys' fees to the Plaintiff.

24. Admitted.

25. Harry restates his responses set forth in paragraphs 1-24, above, as fully set forth herein.

26. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 26.

27. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 27.

28. Harry is without sufficient information to form a belief as to the truth of the allegations in Plaintiff's Complaint, paragraph 28.

29. Admitted.

30. Admitted. Further answering, Harry states that this Court should decline to award any such reasonable costs or attorney's fees to the Plaintiff.

31. Admitted.

## DEFENDANT HARRY P. COSMAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Harry states that he is both the appropriate and designated beneficiary with regard to the Aetna Group Life Insurance Policy established by NSTAR, Robert J. Cosman's former employer which is the subject of this action, and the Proceeds from said life insurance should be paid directly and exclusively to Harry.

### SECOND AFFIRMATIVE DEFENSE

Harry states that he has been diligent in his efforts to remedy the problems with regard to beneficiary designation with both Aetna Life Insurance Company and NSTAR, Robert J. Cosman's former employer who utilizes Aetna for its group life insurance coverage for its employees.

4

## THIRD AFFIRMATIVE DEFENSE

Harry states that pursuant to Aetna's Group Life Insurance as provided to NSTAR, Robert J. Cosman's former employer, which is the subject matter of this action, the Plaintiff has discretionary authority to determine which beneficiaries are entitled to life insurance benefits. Harry further states that the Plaintiff should designate Harry as the intended beneficiary of the life insurance policy within the pneumbra of its discretionary power and award all Proceeds from said group life insurance policy to Harry.

## FOURTH AFFIRMATIVE DEFENSE

Harry states that the Plaintiff should not be awarded its costs, expenses or attorneys' fees as a result of this action.

## COUNTERCLAIM

1. Harry P. Cosman, herein referred to as "Harry" is the defendant and plaintiff-in-counterclaim with a residential address of 68 East Field Drive, Brockton, Plymouth County, Massachusetts.

2. The Plaintiff and defendant-in-counterclaim, Aetna Life Insurance Company, herein referred to as "Aetna," upon information and belief is a corporation organized under the laws of the State of Connecticut and is doing business in the Commonwealth of Massachusetts.

3. Harry is the brother of the decedent, Robert J. Cosman, herein referred to as "Robert." Harry is the exclusive and intended beneficiary of a group life insurance policy provided by Aetna. This Aetna policy was obtained by "Robert" through his employer, NSTAR.

4. Plaintiff has failed to deliver the "Proceeds" from the Group Life Insurance Policy to Harry after Robert's death on or about February 8, 2004 in a timely manner.

5. Plaintiff has neglected and refused to provide the exclusive and intended beneficiary, Harry with the "Proceeds" of the Group Life Insurance after Robert's death on or about February 8, 2004.

6. This Court should enter a Declaratory Judgment pursuant to F.R.Civ.P. 57 in favor of the Plaintiff-in-Counterclaim, Harry P. Cosman as the exclusive and intended beneficiary of his brother's (Robert's) Group Life Insurance Policy with Aetna.

7. Plaintiff-in-counterclaim, Harry P. Cosman respectfully requests this Honorable Court to Order Aetna to pay Harry, as the exclusive and intended beneficiary of the "Proceeds" upon entry of the Declaratory Judgment pursuant to F.R.Civ.P. 57.

## CROSS-CLAIM

1. Harry P. Cosman, herein referred to as "Harry" is the defendant and plaintiff-in-cross-claim is an individual with a residential address of 68 East Field Drive, Brockton, Plymouth County, Massachusetts.

2. Mary T. Cosman, herein referred to as "Mary" is the defendant and defendant-in-cross-claim, is an individual who upon information and belief resides at 40 Winnapurkit Avenue, Lynn, Essex County, Massachusetts.

3. Robert J. Cosman died on or about February 8, 2004 and herein referred to as "Robert."

4. Mary is the Former Wife of Robert. Mary and Robert Cosman were divorced and a judgment nisi was entered on or about August 10, 1999 in the Middlesex County Massachusetts Probate and Family Court.

5. Harry is the brother of the decedent, Robert J. Cosman who maintained a Group Life Insurance Policy with Aetna Life Insurance Company while employed at NSTAR, an electric utility company duly organized corporation under the laws of the Commonwealth of Massachusetts.

6. On or about November 16, 1997, a Group Life Insurance Policy form from Commonwealth Energy System and Subsidiary Companies also known as Cambridge Electric Light Company and now known as NSTAR was completed by the decedent, Robert J. Cosman revoking all previous nominations of beneficiaries and *named HARRY P. COSMAN, Brother* as the **DESIGNATED BENEFICIARY** of his (Robert's) life insurance policy.

6

7. On or about November 16, 1997, Harry's brother, Robert J. Cosman *executed and signed a change of beneficiary form and mailed* the form to Cambridge Electric Light Company (the company referred to above prior to the corporate merger with NSTAR ) to intentionally change his designation beneficiary to Harry P. Cosman.

8. Harry submitted a claim to Aetna Life Insurance Company requesting payment of the "Proceeds" from his brother's (Robert's) life insurance policy per the above referenced change in beneficiary designation.

9. Mary, the decedent's former wife contends that she is the intended beneficiary under the decedent's Group Life Insurance Plan. This contention is without merit.

10. Harry asserts that he is the exclusive and intended beneficiary under the life insurance plan designating him as said beneficiary under the Group Life Insurance Policy from Aetna.

11. Harry asserts this document was executed and signed by his brother on or about November 16, 1997 and *prior to* the divorce of Mary and Robert.

12. Harry asserts that the Divorce Agreement, known as, "Cosman Settlement Agreement" unequivocally made *no* reference to any disposition of life insurance for the benefit of Mary (the former wife) upon entry of the *Judgment of Divorce Nisi* on or about August 10, 1999.

13. Harry further asserts that if Mary were to be the intended beneficiary of any life insurance policy, Robert's own action to change the beneficiary designation, naming Harry and revoking all others speaks for itself with regard to the "change in beneficiary form" submitted to Cambridge Electric Light Company on or about November 16, 1997. In addition, Robert's own action by not providing for any life insurance designation at the time of divorce demonstrates unequivocally his intent not to make Mary an intended beneficiary of *any* life insurance policy. Mary's contention that she was the intended beneficiary of Robert's life insurance "Proceeds" directly contradicts Robert's true intent as demonstrated by his action(s).

14. Harry further asserts that Mary T. Cosman is not the exclusive and intended beneficiary for the reasons enunciated above.

7

15. This Court should enter a declaratory judgment specifically designating Harry P. Cosman as the exclusive and intended beneficiary under his brother, Robert's Group Life Insurance with Aetna.

16. Harry requests this Honorable Court to Order a declaratory judgment in his favor with Aetna to pay the "Proceeds" to Harry P. Cosman for his brother's (Robert's) Group Life Insurance and Mary's claim be *denied and dismissed.*

WHEREFORE, Harry respectfully requests this Honorable Court to issue the following Order:

1.   Order a declaratory judgment for the Defendant, Harry P. Cosman as the exclusive and intended beneficiary of Robert J. Cosman's Group Life Insurance Proceeds from Aetna Life Insurance Company.

2.   Order the Plaintiff, Aetna Life Insurance Company to immediately pay Harry P. Cosman the Group Life Insurance "Proceeds," including all interest.

3.   Order that the Court dismiss, with prejudice, any claim to the "Proceeds" made by Mary.

4.   Order any such relief as this Honorable Court deems just and proper.

Respectfully submitted,
Harry P. Cosman, Defendant
By his attorney,

*/s/ Georgia A. Curtis*
Georgia S. Curtis, Esq.
BBO# 650214
SIMS & SIMS, LLP
53 Arlington Street
Brockton, MA  02301
(508) 588-6900

Dated: August 12, 2004

8

## CERTIFICATE OF SERVICE

I, Georgia S. Curtis, Esq. hereby certify that I have sent via first-class mail, postage prepaid, a copy of the Defendant, Harry P. Cosman's Answer to Plaintiff's Interpleader Complaint, Affirmative Defenses, Counterclaim and Cross-Claim Against Defendant, Mary T. Cosman to Attorney Edward P. O'Leary, Fitzhugh, Parker & Alvaro, LLP, 155 Federal Street, Boston, MA 02110.

Signed under the pains and penalties of perjury this 12th day of August 2004

*Georgia S. Curtis*
Georgia S. Curtis, Esq.
BBO# 650214